UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| YOLANDA CASTILLO, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. 5:07-CV-070-BG ECF |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

# REPORT AND RECOMMENDATION

Plaintiff Yolanda Castillo seeks judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Castillo did not, however, consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court reverse and remand the Commissioner's decision.

## I. Discussion

Castillo claimed in application documents that she suffered from hypertension, coronary artery disease, thyroid problems, high cholesterol, and asthma and that she experienced dizziness and shortness of breath as a result of her impairments. (Tr. 71.) The medical records establish that Castillo suffers from coronary artery disease and that she

underwent catheterization, left ventriculogram, and selective angiogram in May 2004; angioplasty and placement of a stent in August 2004; and catheterization and selective angiogram in October 2004. (Tr. 120, 144, 174.) The medical records also show that she suffers from chronic anemia; hypertension, hypothyroidism, and chronic cough. (Tr. 119, 131, 134, 136-38, 143, 158, 183.) Castillo testified that she experienced dizzy spells that lasted five to ten minutes that sometimes occurred two to three times per day and when she bent over. (Tr. 241.) She also testified that she experienced fatigue and respiratory problems and that she used an inhaler. (Tr. 237-38.) She claimed that if she swept her house, she would need to sit down and use her inhaler in order to get her breath again. (Tr. 239.)

The Administrative Law Judge (ALJ) determined that Castillo's coronary artery disease was a severe impairment but concluded that despite her impairments Castillo retained the Residual Functional Capacity (RFC) to perform light work that required only occasional stooping. (Tr. 15-16.) Castillo contests the ALJ's RFC determination. She claims the ALJ failed to evaluate the combination of her impairments and that his RFC determination is conclusory and not supported by substantial evidence. She claims the ALJ evaluated her pain but failed to discuss and consider other symptoms of which she complained including shortness of breath, fatigue, and chronic cough and that he failed to analyze her credibility in regard to her complaints of dizzy spells and lack of energy.

Castillo's arguments are valid. In cases in which a claimant alleges a multitude of impairments, the ALJ is required to make specific and well-articulated findings as to the

combined effect of the claimant's impairments and as to whether the combination of impairments is disabling. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000); *see also* 20 C.F.R. § 404.1523 (2007); SSR 85-28, 1985 WL 56856 (the ALJ must consider the combined effect of the claimant's severe and non-severe impairments). The ALJ did not do so in this case.

In addition, the ALJ failed to properly analyze the credibility of Castillo's complaints. In determining the extent to which the claimant's symptoms affect his capacity to perform basic work activities, the ALJ must consider the medical evidence and other evidence including claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate symptoms; treatment, other than medication, the claimant receives or has received for relief of symptoms; any measures used to relieve symptoms; and other factors concerning functional limitations and restrictions due to the claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)-(4). The ALJ must give specific reasons, supported by evidence in the record, that are sufficiently specific to make clear to the claimant and to any subsequent reviewers the weight the adjudicator gave to the claimant's statements and the reasons for that weight. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The ALJ did not apply the foregoing legal standards in this case.

Finally, there is a lack of substantial evidence to support the ALJ's determination. The court is charged with determining whether the Commissioner's denial of disability

benefits is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citations and internal quotations omitted.)

Between September 10, 2003, and February 1, 2005, Castillo complained frequently of chronic fatigue, shortness of breath, chest pain, chronic cough, and dizziness. (Tr. 109, 114, 132, 134, 138, 158, 164, 189, 194, 200, 208, 218.) Although cardiovascular procedures and treatment for Castillo's anemia alleviated some of her symptoms, the record shows that the dizziness and chest pain Castillo was not alleviated until February 2, 2005, which was sixteen months after she filed her claim for DIB. (Tr. 71, 187.) Despite these symptoms, the ALJ determined that Castillo retained the ability to perform light work. If Castillo's complaints were believed, however, she could not perform the demands of light work. Light work requires standing or walking off and on for six hours of an eight-hour workday or sitting most of the time with pushing or pulling of arm or leg controls as well as lifting up to twenty pounds with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251 at *5. Although the ALJ noted that Castillo's symptoms improved after treatment, he did not cite evidence that would support his determination that she could perform the physical demands of light work prior to the improvement in her condition. Substantial evidence does not therefore support his

4

conclusion that Castillo could perform the exertional demands of light work during the relevant time period.

## II.   Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse and remand Castillo's case for further administrative proceedings.

## III.   Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   October 11, 2007.

NANCY M. KOENIG
United States Magistrate Judge